IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

C. K.                                                                                                          PLAINTIFF

VS.                                                       CIVIL ACTION NO. 4:18-CV-060-DMB-JMV

DELTA STATE UNIVERSITY;
BOARD OF TRUSTEES OF STATE INSTITUTIONS
OF HIGHER LEARNING;
MISSISSIPPI INSTITUTIONS OF HIGHER LEARNING;
and JOHN DOE DEFENDANTS 1-10                                                                DEFENDANTS

## ORDER

The matter comes before the Court on the Defendant's [4] Motion to Seal the [1] Notice of Removal and [2] State Court Complaint, and attachments, pursuant to Local Uniform Rule 79(e).

Plaintiff filed suit using Plaintiff's full legal name. Defendants removed the action using Plaintiff's own captioning and style of the case. Plaintiff's date of birth is included on Exhibit "A," to the State court Complaint. Doc. #2. Based on the date of birth listed therein, Plaintiff appears to be under the age of twenty-one (21) years. Under Mississippi law, an individual is a minor until he reaches the age of twenty-one (21) years. Miss. Code Ann. § 1-3-27.

Fed. R. Civ. P. 5.2 provides that "unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . the filing may include only: . . . (3) the minor's initials." Fed. R. Civ. P. 5.2. Moreover, if an individual's date of birth must be included in pleadings, only the year should be used. Fed. R. Civ. P. 5.2.[1]

---

[1] The parties are also instructed to, henceforth, only the year of birth of any party, where necessary.

1

Local Rule 79(b) specifies that "any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.U. Civ. R. 79(b). To determine whether to allow the sealing of a requested document, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993).

Accordingly, the court finds that, according to the record, the Plaintiff is a minor, and therefore his identity should be protected, as required.

Further, upon weighing the competing interests of the public's right to information and the protection of a legal minor, the undersigned finds that Defendant has provided clear and compelling reasons for sealing the documents discussed hereafter.

In light of the public access concerns embodied in Local Rule 79, Defendants have attached to their motion Exhibits "A" through "D," encompassing redacted versions of the Notice of Removal [Doc.-1], State Court Complaint [Doc. 1-1], State Court Summonses [Doc. 1-2], Civil Cover Sheet [Doc. 1-3].

The Clerk is hereby directed to seal the Notice of Removal [1], and its attachments and the State Court Complaint [2], and file on the docket the aforementioned redacted versions of those documents. The Clerk is further instructed to modify the style of the case to reflect only the initials of the Plaintiff.

The Court also notes that the minor is now joined and represented in the suit by Julia Lamb Kelly, and the docket should reflect the same.

SO ORDERED, this Monday, April 2, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE